**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOSE ANIBAL SANTOS DELCID,

      Petitioner,

v.                                    No. 2:26-cv-00765-MLG-JHR

MARKWAYNE MULLIN,[1] in his official capacity as
Secretary of the U.S. Department of Homeland
Security, et al.,

      Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING
RESPONDENTS TO RELEASE PETITIONER ON BOND**

This matter is before the Court on Petitioner Jose Anibal Santos Delcid's Petition for Writ of Habeas Corpus ("Petition") filed March 13, 2026. Doc. 1. For the reasons stated below, the Court grants the Petition and orders Respondents release Santos Delcid upon payment of the bond found in the alternative by Immigration Judge ("IJ") Samuel Williams. *See* Doc. 1-9.

Santos Delcid entered the United States without inspection on or about May 2, 1999 after leaving his home country of Honduras. Doc. 1 at 11 ¶ 45. On November 29, 2012, he was stopped by U.S. Customs and Border Protection ("CBP") near El Paso, Texas. He was subsequently served with a Notice to Appear. *Id.* at 12 ¶¶ 50-51. On December 13, 2012, an IJ granted Santos Delcid's request for a change in custody and released him upon the posting of a $3,000 bond. *Id.* at ¶ 52; Doc. 1-3 (citing 8 CFR § 236.1(c) as the basis for the change in custody). In July 2013, Santos Delcid filed a Form 42B-Cancellation of Removal for Certain Nonpermanent Residents and

---

[1] Secretary Mullin is automatically substituted for his predecessor under Federal Rule of Civil Procedure 25(d).

Adjustment of Status. Doc. 1 at 12 at ¶ 53. On March 30, 2015, the immigration court ordered Santos Delicid's case administratively closed upon joint request of both parties. *Id.* at ¶ 54; Doc. 1-5.

Following the administrative closure of his removal case, Santos Delcid continued to live and work in the United States. He received multiple employment authorizations. Doc. 1 at 12 ¶ 55; Doc. 1-6. Santos Delcid filed income tax returns from 2010 through 2024. Doc. 1 at 11 ¶ 46. He has no criminal record and is the father of two United States citizen children. *Id.* at ¶¶ 46-47. Santos Delcid's daughter enlisted with the U.S. Army Reserve on December 22, 2025. *Id.* at ¶ 48.[2]

In March 2025, Santos Delcid was stopped and detained by CBP near Sierra Blanca, Texas. *Id.* at 13 ¶ 56. Following his arrest, Santos Delcid's removal proceedings were reinitiated, and he was detained in El Paso Modular Centralized Processing Center. *Id.* at ¶¶ 57-58; Doc. 1-7 (March 2025 Notice to Appear). On April 7, 2025, an IJ granted Santos Delcid's request for a change in custody and released him from custody upon the posting of a $2,500 bond. Doc. 1 at 13 ¶ 60; Doc. 1-8.

Santos Delcid was re-detained by CBP again in October 2025 while returning from work. Doc. 1 at 13 ¶ 61. On November 10, 2025, IJ Samuel Williams denied Santos Delcid's request for custody redetermination. *Id.* at ¶ 62; Doc. 1-9 at 1. He concluded Santos Delcid is an "'Applicant for Admission' and due to that status, the court lacks jurisdiction to issue a bond." [3] Doc. 1-9 at 1.

---

[2] Santos Delcid intends to seek Military Parole via his daughter. *Id.* He will then be able to apply for an adjustment of status as the parent of a U.S. citizen service member. *Id.* at 22 ¶ 93.

[3] IJ Williams ruling from the November 10, 2025 hearing follows the Board of Immigration Appeals' ("BIA") opinion in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). In *Hurtado*, the BIA affirmed that IJs do "not have authority over the bond request because aliens who are present in the United States without admission are applicants for admission as defined under Section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings." *Id.* at 220. The BIA's opinion is not binding on the Court,

The IJ noted in his order that Santos Delcid "is not a danger to the community or a flight risk so if jurisdiction were found to be proper, the Court would issue a bond in the amount of $5K." *Id.* at 1. Following this hearing, Santos Delcid has remained in custody in Otero County Processing Center in Chaparral, New Mexico. Doc. 1 at 9 ¶ 38. He later filed a Joseph Motion for Bond Redetermination. *Id.* at 14 ¶ 63; Doc. 1-10. On December 2, 2025, the IJ denied the custody redetermination request because Santos Delcid "was previously given a bond hearing in which the court cited lack of jurisdiction (Matter of Hurtado) and also provided an alternative ruling after hearing all evidence in the case." Doc. 1-11 at 1. Santos Delcid requested another custody redetermination hearing and the IJ again denied the request on December 9, 2025 due to the denials at the prior hearings. Doc. 1 at 14 ¶ 65; Doc. 1-12 at 1.

In January 2026, Santos Delcid's application for Cancellation of Removal for Nonpermanent residents was denied. Doc. 1 at 14 ¶ 66. He subsequently filed an appeal on January 22, 2026, which remains pending.[4] *Id.* at ¶ 67; Doc. 1-14. Santos Delcid filed his Petition on March 13, 2026 requesting this Court direct federal immigration authorities to release him or conduct a bond hearing pursuant to 8 U.S.C. § 1226(a). Doc. 1 at 29. He claims that his continued detention

---

and the Court rejects the BIA's interpretation of the statutes for the same reasons articulated in its other decisions. *See, e.g.*, *Cortez-Gonzalez v. Noem*, No. 2:25-cv-00985-MLG-KK, 2025 WL 3485771, at *5 (D.N.M. Dec. 4, 2025) ("This Court is not bound by the BIA's interpretation of the relevant statutes—particularly when the [interpretation] lacks sound legal foundation."); *see also Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 386 (2024) ("The views of the Executive Branch [may] inform the judgment of the Judiciary, but [do] not supersede it.").

[4] Pre-removal custody is therefore still at issue as there is no final order of removal. *See Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1136 (D. Or. 2025) (noting the government conceded a petitioner "remains in removal proceedings under 8 U.S.C. § 1229a during his administrative appeal of the dismissal of his removal proceedings"); *Patel v. Tindall*, No. 3:25-cv-373-RGJ, 2025 WL 2823607, at *4–5 (W.D. Ky. Oct. 3, 2025) (ruling a petitioner's "section 1229a proceedings continue to be active, as the decision of an immigration judge becomes final upon waiver of appeal or upon expiration of the time of appeal" and that the petitioner timely filed an appeal of the decision) (internal citations omitted).

violates the Fifth Amendment Due Process Clause, 8 U.S.C. § 1226(a), various bond regulations, the Administrative Procedures Act, and *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873SSS-BFM (C.D. Cal.). *Id.* at 19-28 ¶¶ 85-121. He also requests attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), as amended 28 U.S.C. § 2412. *Id.* at 29. Respondents filed a Response to the Petition on March 31, 2026. Doc. 7. Santos Delcid filed a reply on April 8, 2026 asserting that immediate release upon posting $5,000 is warranted in this case. *See* Doc. 8 at 5.

The dispositive question presented is whether Santos Delcid is eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a),[5] or whether he is subject to the mandatory detention provisions provided for in § 1225(b)(2).[6,7] Consistent with the overwhelming majority of courts who have considered the matter, this Court agrees that § 1226(a) governs his detention and, therefore, Santos Delcid is entitled to an individualized bond hearing.[8] *See Velazquez Salazar v. Dedos*, 806

---

[5] "On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." § 1226(a) (emphasis added).

[6] "[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a." § 1225(b)(2) (emphasis added).

[7] Federal Respondents assert that Santos Delcid is "correctly classified" as an applicant for admission under § 1225(b)(2)(a). Doc. 7 at 3. Respondents, however, admit the Court's previous rulings control the outcome of this case because "the facts are not materially distinguishable for the purposes of the Court's decision on the legal issue of which statutory provisions govern Petitioner's detention." *See* Doc. 7 at 3-4.

[8] "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693 ("[O]nce [a] [noncitizen] enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."). Given that § 1226(a) is controlling, Santos Delcid was entitled—as a right—to an individualized bond hearing. *See*

4

F.Supp.3d 1231, 1240-41 (D.N.M. 2025); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031, 2025 WL 3187432 (D.N.M. Nov. 14, 2025); *Cortez-Gonzales v. Noem*, 811 F. Supp. 3d 1287, 1295-98 (D.N.M. 2025); *see also Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483-91 (S.D.N.Y. 2025); *Jimenez v. FCI Berlin*, 799 F.Supp.3d 59 (D.N.H. 2025); *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4, n.22 (S.D.N.Y. Nov. 26, 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the United States was rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in Appendix A). The application of § 1226 to Santos Delcid's case is even clearer compared to prior cases. Respondents previously released Santos Delcid from custody following the posting of a bond—a remedy only available under the discretionary detention of § 1226—on two prior occasions. *See* Docs. 1-3; Doc. 1-8; Doc. 1 at 12, 13 ¶¶ 52, 60; *see also* § 1226(a)(2)(A); § 1225(b). Respondents' argument that § 1225 applies in this case is therefore undercut by their own actions in addition to the reasons previously stated by this Court for the application of § 1226. *See Cortez-Gonzales*, 811 F. Supp. 3d at 1295-98.

Accordingly, the Court hereby grants Santos Delcid's Petition for Writ of Habeas Corpus and orders that Respondents immediately release Santos Delcid upon payment of the $5,000 bond found in the alternative by IJ Williams. *See* Doc. 1-9; *Alfaro v. Wamsley*, No. 2:25-cv-01706, 2025 WL 2822113, at *8 (W.D. Wash. Oct. 2, 2025) (ordering respondents to—within seven days of the order—release the petitioner "from detention or allow [her] release upon payment of the bond amount found in the alternative by the Immigration Judge is his [previous] order"); *cf. Lopez*

---

*Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1242-46 (D.N.M. 2025); *Pu Sacvin*, 2025 WL 3187432, at *3. Santos Delcid's continued detention on the basis of § 1225(b)(2) constitutes an ongoing violation of the INA and his right to due process under the Fifth Amendment of the U.S. Constitution. *See id*.

*Benitez*, 795 F. Supp. 3d at 496-99 (ordering the petitioner who was incorrectly detained under § 1225(b) instead of § 1226(a) be immediately released from custody rather than ordering the petitioner to have a bond hearing in front of the IJ). Since IJ Williams determined at the November 10, 2025 hearing that Santos Delcid is neither a danger to the community nor a flight risk, relief is therefore proper. *See* Doc. 1-9 at 1; *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (describing the factors considered by IJs during a bond-determination hearing pursuant to § 1226(a) and its implementing regulations).

Respondents are further ordered to file a status report within ten days of this Order to certify compliance.

Santos Delcid's request for attorney's fees and costs under the EAJA shall be considered.[9] *See* 28 U.S.C. § 2412(d)(1)(A); *Delay v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) ("[W]e read the EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention."). "Under [the] EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). While fees are authorized, Santos Delcid must "within thirty days of final judgment in the action, submit to the court an application for fees and other expenses," and include an allegation demonstrating that "the position of the United States was not substantially justified." § 2412(d)(1)(B). Upon filing the application,

---

[9] The Court rejects Respondents' argument that attorneys' fees should be denied at this time because the request was not fully briefed in the Petition. *See* Doc. 7 at 6-10. The request for fees pursuant to the EAJA was raised as part of the relief requested in the Petition. Doc. 1 at 29. Section 2412(d)(1)(B) outlines the procedure for considering an award of EAJA fees and costs. This process does not begin until after a final judgment is entered. *See* § 2412(d)(1)(B). The Court intends to enter a final judgment following receipt of Respondents' status report.

Respondents must justify their position in any underlying proceedings and district court litigation.

*See Hackett*, 475 F.3d at 1170.

       It is so ordered.

 

_____

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA